■ JALOR COLOR GRAPHICS, INC., Respondent, v UNIVERSAL ADVERTISING SYSTEMS, INC., Defendant. FRED ROSENBERG, Nonparty Appellant. [767 NYS2d 615]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about September 30, 2002, which, to the extent appealed from as limited by the briefs, affirmed the orders of Civil Court, New York County (Rolando Acosta, J.), entered on or about December 27, 1999 and January 21, 2000, which granted plaintiff's motion for sanctions and sua sponte awarded costs, and directed nonparty appellant attorney for defendant to pay $7,500 to the Lawyers' Fund for Client Protection and $2,100 to plaintiff's counsel, unanimously affirmed, with costs.

Appellant failed to produce any evidence at trial to support his claim of an agreement whereby defendant, his client, would receive for free the 1,200 brochures (worth more than $11,000) printed by plaintiff. Long after expiration of the 30-day period for objecting to the invoice, appellant charged that *plaintiff's* effort to collect the contracted fee was based on fraud and extortion. In a letter to plaintiff's counsel in 1998, this "former Assistant District Attorney for the State of New York" threatened criminal prosecution if plaintiff pursued such an "illegal" claim. A year later, after plaintiff had commenced this action for recovery on its account stated, appellant again wrote to plaintiff's counsel, stating that he was "continuing to investigate the extremely serious issues regarding the commission of felony and other related offenses by [plaintiff's principal] *and yourself* [emphasis added], . . . involv[ing] *perjury* [emphasis in original] . . . Contempt . . . and other related crimes." Even after plaintiff's counsel sought sanctions from the court for such in terrorem tactics, appellant moved to hold plaintiff, its principal and counsel in contempt for perjury. Such baseless threats constituted frivolous conduct undertaken primarily to harass and intimidate an adversary, and to frustrate resolution of this commercial litigation (*see* 22 NYCRR 130-1.1 [c] [2]). We have considered and rejected appellant's remaining arguments. Concur—Tom, J.P., Andrias, Saxe and Ellerin, JJ. [*See* 193 Misc 2d 76.]